Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD LIPP JR.,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **EXCEL REALTY INC.** d/b/a Excel Mortgage Services, a California registered corporation, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Richard Lipp Jr. ("Plaintiff Lipp" or "Lipp") brings this Class Action Complaint and Demand for Jury Trial against Defendant Excel Realty Inc. doing business as Excel Mortgage Services, ("Defendant" or "Excel Mortgage Services") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited telemarketing text messages to consumers whose phone numbers are registered on the National Do Not Call Registry ("DNC").

Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Lipp, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.     Plaintiff Lipp is a resident of Chula Vista, California.

2.     Defendant Excel Mortgage Services is a company registered in California, with its headquarters located in Pleasanton, California. Defendant Excel Mortgage Services conducts business throughout this District and throughout California.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff.

CLASS ACTION COMPLAINT

# INTRODUCTION

5.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.     According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in October 2023 alone, at a rate of 148.7 million per day. www.robocallindex.com (last visited November 19, 2023).

10.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13.    Excel Realty Inc operates under the d/b/a Excel Mortgage Services.[3]

14.    Defendant Excel Mortgage Services is a real estate and mortgage brokerage that has both real estate agents and loan officers.[4]

15.    The d/b/a Excel Mortgage Services is the name used by Excel Realty Inc. to sell and market mortgages, VA loans, and related services.[5]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.teamerm.com/excel-mortgage-services-programs/
[4] https://www.linkedin.com/company/excel-realty-and-mortgage/about/
[5] https://www.teamerm.com/excel-mortgage-services-programs/

16.    Defendant sends telemarketing text messages *en masse* to consumers to generate new loans and mortgage refinancing.

17.    Defendant Excel Mortgage Services provides leads to its real estate and loan officers:

## WE CURRENTLY HAVE A SURPLUS OF BUYER AND SELLER LEADS & NEED HELP NOW!!!!

**1 OR 2 CAPABLE AGENTS WANTED**

### You'll Get..

LOTS OF BUYER LEADS (WITH REAL PHONE NUMBERS 50%+ OF THE TIME)

LOTS OF SELLER LEADS (WITH FOLLOW UP DIRECT MAIL CAMPAIGNS AUTOMATICALLY MAILED FOR YOU.)

A SOPHISTICATED IDX/CRM PACKAGE THAT'LL SAVE YOU LOTS OF TIME AND HELP YOU CLOSE MORE DEALS, ALMOST ON AUTOPILOT. [6]

18.    Some of the text messages from Excel Mortgage Services are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

19.    In response to these texts, Plaintiff Lipp brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF LIPP'S ALLEGATIONS

20.    Plaintiff Lipp registered his cell phone number on the DNC on November 14, 2021.

---

[6] https://eugenekifor.excelrealtyandmortgage.com/recruit.php

21.    Plaintiff Lipp uses his cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with family and friends.

22.    Plaintiff Lipp is the sole owner and user of his cell phone number ending in 0339.

23.    The text messages that Plaintiff Lipp received from Defendant Excel Mortgage Services were all received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

24.    On February 22, 2023 at 12:13 PM, Plaintiff Lipp received an unsolicited text message from Excel Mortgage Services, from 916-621-6186:



25.     Less than 12 months later, on September 24, 2023 at 11:13 AM, Plaintiff Lipp received a 2nd unsolicited text message from Excel Mortgage Services, from 916-621-6186:



*Figure 1 - September 24, 2023*

26.     When 916-621-6186 is called, an automated voicemail system states that the number has been forwarded to 425-777-0004.

27.     425-777-0004 is owned/operated by David Dylan Phillips:



28.     According to the NMLS Consumer Access, David Dylan Phillips is employed by and authorized to represent Excel Realty Inc:

---

[7] https://www.whitepages.com/phone/1-425-777-0004

CLASS ACTION COMPLAINT



29.    Plaintiff Lipp has never done business with Excel Mortgage Services and has never given them consent to call or text his phone number.

30.    In fact, Plaintiff Lipp does not own a property, so the solicitation text messages that he received are not even relevant to him.

31.    The unauthorized solicitation text messages that Plaintiff Lipp received from or on behalf of Defendant Excel Mortgage Services have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

32.    Seeking redress for these injuries, Plaintiff Lipp, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

**CLASS ALLEGATIONS**

---

[8] https://www.nmlsconsumeraccess.org/EntityDetails.aspx/INDIVIDUAL/2151108

33.     Plaintiff Lipp brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Excel Mortgage Services texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

34.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp anticipates the need to amend the Class definition following appropriate discovery.

35.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

---

36.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA;

(b)    Whether Defendant placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37.    **Adequate Representation**: Plaintiff Lipp will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Lipp has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Lipp and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Lipp nor his counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Lipp. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Lipp and the Do Not Call Registry Class)

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

42.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Lipp and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Lipp and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

44.    As a result of Defendant's conduct as alleged herein, Plaintiff Lipp and

the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)    An award of money damages and costs;

c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)    An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)    Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lipp requests a jury trial.

Respectfully Submitted,

**RICHARD LIPP JR**, individually and on
behalf of all others similarly situated,

DATED this 26th day of December, 2023.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*